Form 145

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

In re:

**William J Borlak SR**
Debtor(s)

Bankruptcy Case No.: 17–22701–JAD

Chapter: 13
Docket No.: 49

## NOTICE – REMINDER

      Pursuant to *Fed.R.Bankr.P. 5009(b)*, notice is hereby given that the above–captioned case will be closed without an *Order of Discharge* unless a **Certification of Completion of Instructional Course Concerning Personal Financial Management** **(Official Form B423)**, *"the Certification"*, is filed within the applicable deadline set forth in *Fed.R.Bankr.P. 1007(c)*. The deadlines are as follows:

      ***CHAPTER 13 CASES*** – – *Fed.R.Bankr.P. 1007(c)* requires an individual debtor in a Chapter 13 case to file a statement regarding completion of a course in personal financial management no later than the date when the last payment was made by the Debtor as required by the *Plan* or the filing of a motion for discharge under *11 U.S.C. §1328(b)*.

      ***ADDITIONAL CHAPTER 13 CASE CERTIFICATION*** – – *11 U.S.C. §1328* requires that as a condition to eligibility of the Debtor(s) to receive a discharge upon successful completion of the Plan, Counsel for the Debtor(s), or the Debtor(s) if not represented by Counsel, shall file with the Court a certification:

      (1)  that the Debtor(s) is entitled to a discharge under the terms of *11 U.S.C. §1328* of the Bankruptcy Code;

      (2)  specifically certifying that all amounts payable under a judicial or administrative order or, by statute, requiring the Debtor(s) to pay a domestic support obligation that are due on or before the date of the Certification (including amounts due before the petition was filed, but only to the extent provided for by the Plan) have been paid;

      (3)  that the Debtor(s) did not obtain a prior discharge in bankruptcy within the time frames specified in *11 U.S.C. §1328(f)(1) or (2)*;

      (4)  that the Debtor(s) has completed an instructional course concerning personal financial management within the meaning of *11 U.S.C. §1328(g)(1);* and

      (5)  that *11 U.S.C. §1328(h)* does not render the Debtor(s) ineligible for a discharge.

Dated: November 2, 2017

Michael R. Rhodes, Clerk
United States Bankruptcy Court

United States Bankruptcy Court
Western District of Pennsylvania

In re:
William J Borlak, SR
    Debtor

Case No. 17-22701-JAD
Chapter 13

## CERTIFICATE OF NOTICE

District/off: 0315-2     User: admin     Page 1 of 1     Date Rcvd: Nov 02, 2017
                     Form ID: 145     Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Nov 04, 2017.
db            +William J Borlak, SR,    1349 4th Avenue,    Coraopolis, PA 15108-1619

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                                                            TOTAL: 0

            ***** BYPASSED RECIPIENTS *****
NONE.                                                                                                                             TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Nov 04, 2017                                             Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on November 2, 2017 at the address(es) listed below:
         Allison L. Carr     on behalf of Creditor     Duquesne Light Company acarr@bernsteinlaw.com,
          acarr@ecf.courtdrive.com;cwirick@ecf.courtdrive.com
         Brian C. Thompson     on behalf of Debtor William J Borlak, SR bthompson@ThompsonAttorney.com,
          blemon@thompsonattorney.com;LMichaels@thompsonattorney.com;jwrzosek@thompsonattorney.com;ryandrli
          c@thompsonattorney.com;bthompson@ecf.courtdrive.com;jgorze@thompsonattorney.com
         James    Warmbrodt     on behalf of Creditor     JPMC Specialty Mortgage LLC bkgroup@kmllawgroup.com
         Jeffrey R. Hunt     on behalf of Creditor     Pittsburgh Water & Sewer Authority jhunt@grblaw.com,
          cnoroski@grblaw.com
         Jeffrey R. Hunt     on behalf of Creditor     County of Allegheny jhunt@grblaw.com,
          cnoroski@grblaw.com
         Jeffrey R. Hunt     on behalf of Creditor     Borough of Avalon jhunt@grblaw.com,    cnoroski@grblaw.com
         Jeffrey R. Hunt     on behalf of Creditor     Borough of Coraopolis jhunt@grblaw.com,
          cnoroski@grblaw.com
         Jerome B. Blank     on behalf of Creditor     Deutsche Bank National Trust Company, As Trustee For,
          et. al. pawb@fedphe.com
         Joseph A. Fidler     on behalf of Creditor     Enterprise Bank jfidler@enterprisebankpgh.com
         Mario J. Hanyon     on behalf of Creditor     Deutsche Bank National Trust Company, As Trustee For,
          et. al. pawb@fedphe.com
         Michael C. Mazack     on behalf of Creditor     Borough of Coraopolis mmazack@tuckerlaw.com
         Office of the United States Trustee     ustpregion03.pi.ecf@usdoj.gov
         Ronda J. Winnecour     cmecf@chapter13trusteewdpa.com
         Thomas   Song     on behalf of Creditor     Deutsche Bank National Trust Company, As Trustee For, et.
          al. thomas.song@phelanhallinan.com
         Thomas   Song     on behalf of Creditor     The Bank Of New York Mellon Trust Company, N.A. As Trustee
          For et al thomas.song@phelanhallinan.com
                                                                                             TOTAL: 15